# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | |
|---|---|
| **Sidney N. Harrison,** ) | |
|     **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 1:23cv259 (RDA/WEF) |
| ) | |
| **Ms. Avent,** *et al.*, ) | |
|     **Defendants.** ) | |

## MEMORANDUM OPINION AND ORDER

Sidney N. Harrison, a Virginia inmate, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated while he was detained at the Virginia Department of Corrections' ("VDOC") Sussex II State Prison. [Dkt. No. 1]. Because plaintiff is a prisoner, his complaint must be screened to determine whether it is frivolous, malicious, or fails to state any claims upon which relief may be granted. *See* 28 U.S.C. § 1915A.[1]

## I. Standard of Review

Pursuant to § 1915A, a court must dismiss claims based upon "'an indisputably meritless legal theory,'" or where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (citation omitted). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ.

---

[1] Section 1915A provides:

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

    (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or

    (2) seeks monetary relief from a defendant who is immune from such relief.

P. 12(b)(6)." *Sumner v. Tucker*, 9 F. Supp.2d 641, 642 (E.D. Va. 1998). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (a pleading must be presented "with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of the pleader's claims "without untoward effort"). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

## II. Complaint

Here, the complaint is conclusory and vague. Plaintiff alleges six claims related to a disciplinary charge involving conduct that occurred on April 8, 2022.[2] Claims 1 and 2, allege the charge stemmed from false statements by defendants Nurse Avent (Claim 1) and Correctional Officer K. M. Williams (Claim 2). [Dkt. No. 1 at 5]. As a result of the false charge, Plaintiff was

---

[2] Plaintiff alleges he was charged with violating "233a - Making sexual advances, either physical, verbal in nature, or in writing toward a non-offender." VDOC OP 861.1 XXI.

placed in "RHU" housing for 60 days, and lost his prison job, which he had held for 7 years. [*Id.* at 5, 11]. Claim 3 alleges that defendant, Lt. Richardson, denied him due process because Richardson convicted him on a charge that was never served on Plaintiff; Richardson was biased and falsified a document; and that Richardson vacated the charge on April 25, 2022. [*Id.* at 6]. Plaintiff has not provided any specifics as to what was false, what process was denied, what if any penalty resulted, or how he has been prejudiced or denied any right when the charge was vacated.

Claim 4 alleges that defendant K.C. Mitchell-Tyler, Senior Counselor, violated his rights because defendant Mitchell-Tyler terminated his prison job before the disciplinary hearing "and add[ed] specifications that were never before indicated" to ensure that Plaintiff would not be able to return to his position. [*Id.* at 8].

Claim 5 alleges that defendant Clifford McDonald violated Plaintiff's rights because McDonald imposed or authorized multiple cumulative punishments for Plaintiff's convictions, which violates double jeopardy. [*Id.* at 9].

Claim 6 alleges defendant R. Langford, Grievance Coordinator, violated his rights because she exceeded her authority and gave an opinion about one of Plaintiff's grievances. [*Id.* at 10].

Plaintiff has not stated a claim upon which relief can be granted.

### III. Analysis

Claims 1, 2 and 3 are vague and conclusory and do not identify with any specificity facts that would indicate a disciplinary hearing due process violation. Prisoners retain rights under, and may claim the protections of, the Due Process Clause in disciplinary proceedings. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Specifically, the due process rights that prisoners possess when a protected liberty interest is at stake are: (1) twenty-four-hour advanced written notice of the charges against him, *id.* at 563-64; (2) "a written statement by the factfinders as to the evidence

relied on and the reasons for the disciplinary action;" *id.* at 564-65 (internal quotation marks and citation omitted); (3) an opportunity to call witnesses and present documentary evidence where doing so "will not be unduly hazardous to institutional safety or correctional goals," *id.* at 566; (4) assistance at the hearing if he is illiterate or if the matter is complex; *id.* at 570; and (5) a sufficiently impartial fact finder. *Id.* at 570-71. To satisfy due process, the fact-finder's decision during a prison disciplinary hearing must be supported by "some evidence." *Superintendent, Mass. Corr. Inst. Walpole v. Hill*, 472 U.S. 445, 455 (1985).

First, the filing of a false disciplinary charge alone does not violate a prisoner's civil rights—it is only where there is a resulting Due Process violation in proceedings on the allegedly false charge that will give rise to a constitutional claim. *See, e.g., Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002) ("due process is satisfied where an inmate is afforded an opportunity to be heard and to defend against the allegedly falsified evidence and groundless misconduct reports. Thus, so long as certain procedural requirements are satisfied, mere allegations of falsified evidence or misconduct reports, without more, are not enough to state a due process claim.") (citing *Freeman v. Rideout*, 808 F.2d 949 (2d Cir. 1986)); *see also Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (filing of false charges, "standing alone, do[es] not state constitutional claim[]"). Claims 1 and 2 therefore do not state a claim upon which relief can be granted.

Claim 3, at best, is puzzling. The claim appears to assert, in a conclusory fashion, that defendant Richardson is biased; but then it asserts that Richardson vacated the conviction. *See Shotwell v. Brandt*, No. C 10-5232 CW (PR), 2012 WL 6569402, at *3 (N.D. Cal. Dec. 17, 2012) (citing *Raditch v. United States*, 929 F.2d 478, 481 (9th Cir. 1991) for the finding that "the remedy for an unfair hearing is another hearing" and finding that "due process was satisfied when the results of the first disciplinary hearing were vacated, [and] the RVR was ordered reissued and

4

reheard."); *see also Horne v. Coughlin*, 155 F.3d 26, 31, n.3 (2d Cir. 1998) (finding the plaintiff's due process claims with regard to his first hearing were rendered null after the findings and penalties were vacated and a new hearing ordered, and plaintiff suffered no loss of good time credits and no disciplinary record); *Morissette v. Peters*, 45 F.3d 1119, 1122 (7th Cir. 1995) (finding no injury after a due process violation in the plaintiff's first disciplinary proceedings was subsequently corrected in the administrative appeal process and plaintiff's sentence was adjusted so that he served no additional time in segregation). Claim 3 does not allege a claim upon which relief can be granted.

In Claim 4, Plaintiff alleges that defendant K.C. Mitchell-Tyler violated his rights because defendant Mitchell-Tyler terminated his prison job before the disciplinary hearing. As a matter of law, the loss of a prison job does not state a constitutional claim.

> [I]nmates have no independent constitutional right to a prison job, and as such, prison officials may generally terminate an inmate from a particular prison job for any reason without offending federal due process principles. *See, e.g., Altizer v. Paderick*, 569 F.2d 812 (4th Cir. 1978) (work assignments are generally within the discretion of the prison administrator); *Alley v. Angelone*, 962 F. Supp. 827, 834 (E.D. Va. 1997) (prisoner did not have a protected interest in continued employment); *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 50-51 (5th Cir. 1995) (same); *Coakley v. Murphy*, 884 F.2d 1218, 1221 (9th Cir. 1989) (holding that inmates have no protected property interest in continuing in work-release program).

*Robles v. Sturdinvant*, No. 7:14cv70, 2014 WL 4853409, at *1 (W.D. Va. Mar. 27, 2014), *aff'd*, 583 F. App'x 129 (4th Cir. 2014). Claim 4 will be dismissed for failure to state a claim upon which relief can be granted.

In Claim 5, Plaintiff alleges that defendant Clifford McDonald violated Plaintiff's rights because McDonald imposed or authorized multiple cumulative punishments for Plaintiff's disciplinary conviction, which violated double jeopardy. The federal court in the Western District of Virginia considered a similar claim of multiple punishments or consequences resulting from a

5

disciplinary hearing. In *Jackson v. Barksdale*, No. 7:16cv47, 2016 WL 5710313, at *1 (W.D. Va. Sept. 29, 2016), an inmate accepted a penalty offer and the consequence was his loss of phone privileges. Thereafter, the Institutional Classification Authority moved the inmate into segregation. The inmate argued that the imposition of multiple consequences (loss of phone privileges and being placed in segregation) violated the Double Jeopardy Clause. In finding that the inmate had failed to state a claim upon which relief could be granted, the district court held that

> [t]he Double Jeopardy Clause does not apply to prison disciplinary proceedings. *See, e.g., Breed v. Jones*, 421 U.S. 519, 528 (1975); *Lucero v. Gunter*, 17 F.3d 1347, 1350 (10th Cir. 1994); *Patterson v. United States*, 183 F.2d 327, 327-28 (4th Cir. 1950). Plaintiff's simple allegations that he forfeited phone privileges and was assigned to segregation do[] not describe an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *See, e.g., Sandin v. Conner*, 515 U.S. 472, 486-87 (1995); *Beverati v. Smith*, 120 F.3d 500, 503 (4th Cir. 1997); *see also Wolff v. McDonnell*, 418 U.S. 539, 564-71 (1974) (describing circumstances when due process is warranted for prison disciplinary hearings).… The claim that prison officials have not followed their own independent policies or procedures also does not state a constitutional claim. *See United States v. Caceres*, 440 U.S. 741, 752-55 (1978); *Riccio v. Cnty. of Fairfax*, 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue).

*Jackson*, 2016 WL 5710313, at *2. Claim 5 does not state a claim upon which relief can be granted.

Plaintiff's last claim, Claim 6, alleges defendant Langford violated his rights because she exceeded her authority and gave an opinion about one of Plaintiff's grievances, and that somehow this amounts to a violation of due process. Even if Langford violated the VDOC procedures in allegedly voicing her opinion, that violation does not constitute a constitutional violation. The Fourth Circuit has held that "inmates have no constitutional entitlement or due process interest in access to a grievance procedure. An inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance process." *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 541 (4th Cir. 2017); *see Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to

6

grievance procedures or access to any such procedure voluntarily established by a state."). *Doans v. Rice*, No. 87–7244, 1987 WL 38813, at *1 (4th Cir. Oct. 15, 1987) ("Because inmate grievance procedures are not constitutionally required in state prison systems, the failure to follow grievance procedures does not give rise to a § 1983 claim."). Claim 6 does not state a claim upon which relief can be granted.

Because the plaintiff is a prisoner proceeding *pro se*, he will be allowed to amend his complaint to cure the deficiencies noted.

Accordingly, it is hereby

**ORDERED** that plaintiff particularize and amend his complaint in a second amended complaint within thirty (30) days of the date of this Order using the enclosed standardized § 1983 complaint form by (i) naming every person he wishes to include as a defendant, (ii) identify each claim he seeks to raise by letter or number, (iii) submitting a short, detailed statement of background facts which describes the specific conduct of each defendant whom he alleges violated his constitutional rights, including the facts giving rise to his complaint, the dates of each incident, the persons involved, the reasons why he believes each defendant is liable to him, and the remedies sought, (iv) and curing the deficiencies noted herein.[3] Plaintiff must reallege all the facts from his original and first amended complaint in this second amended complaint and he must include his civil action number, No. **1:23cv259 (RDA/WEF)**, on the first page of his amended complaint. Plaintiff is advised that this second amended complaint will serve as the sole complaint in this civil action; and it is

**FURTHER ORDERED** that plaintiff's failure to comply with any part of this Order within thirty (30) days from the entry of this Order, or failure to notify the Court immediately upon

---

[3] Plaintiff does not need to attach documents to his complaint to state a claim, but he has referenced he has documents related to his claims. [Dkt. No. 1 at 11]. The document may, however, help clarify his claims.

being transferred, released, or otherwise relocated, may result in the dismissal of this complaint pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk is directed to send a copy of this Order and a § 1983 form to plaintiff.

Entered this 16th day of October 2023.

Alexandria, Virginia

                                                               /s/
                                               Rossie D. Alston, Jr.
                                               United States District Judge