IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| **Sidney N. Harrison,** )<br>  **Plaintiff,** )<br> )<br> **v.** )<br> )<br> **Ms. Avent, *et al.*,** )<br>  **Defendants.** ) | **Case No. 1:23cv259 (RDA/WEF)** |

**MEMORANDUM OPINION AND ORDER**

Sidney N. Harrison, a Virginia inmate, filed a *pro se* complaint pursuant to 42 U.S.C. §

1983 alleging that his constitutional rights were violated while he was detained at the Virginia

Department of Corrections' ("VDOC") Sussex II State Prison. [Dkt. No. 1]. On October 16, 2023,

the complaint was screened, deficiencies were noted, and Plaintiff was granted leave to file an

amended complaint. Dkt. No. 13. Plaintiff was granted an extension of time and on December 27,

2023, Plaintiff filed an amended complaint. Dkt. No. 17. Because plaintiff is a prisoner, his

amended complaint must be screened to determine whether it is frivolous, malicious, or fails to

state any claims upon which relief may be granted. *See* 28 U.S.C. § 1915A.[1]

**I. Standard of Review**

Pursuant to § 1915A, a court must dismiss claims based upon "'an indisputably meritless

---

[1] Section 1915A provides:

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as
practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a
governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the
complaint, or any portion of the complaint, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief can be
granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

legal theory,'" or where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (citation omitted). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Sumner v. Tucker*, 9 F. Supp.2d 641, 642 (E.D. Va. 1998). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (a pleading must be presented "with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of the pleader's claims "without untoward effort"). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

## II. Amended Complaint

The amended complaint names six defendants: Nurse Avent, Correctional Officer Williams, Lt. Richardson (Hearing Officer), Senior Counselor Mitchell-Tyler, former Chief Administrator McDonald, and Grievance Department employee Langford. Plaintiff's claims are

related to a disciplinary charge involving conduct that occurred on April 8, 2022. Claims 1 and 2, allege the charge stemmed from alleged false statements by defendants Nurse Avent and Correctional Officer K. M. Williams. [Dkt. No. 17 at 6-7]. As a result of the false charge, Plaintiff was placed in "RHU" housing for 60 days, and lost his prison job, which he had held for 7 years. [*Id.* at 5, 11]. Claim 3 alleges that defendant, Lt. Richardson, denied him due process because Richardson convicted him on a charge that was never served on Plaintiff (106a); Richardson was biased and falsified a document; that Richardson vacated the 233a charge on April 25, 2022; and convicted Plaintiff of the 106a charge on May 23, 2022. [*Id.* at 9-11]. Plaintiff has not provided any specifics as to what was false about either charge.

Claim 4 alleges that defendant K.C. Mitchell-Tyler, Senior Counselor, violated his rights because Mitchell-Tyler terminated his prison job and "stopped" Plaintiff from participating in any programs – both of which were required for him to continue at his security level. [*Id.* at 13]. After Plaintiff was "cleared," Mitchell-Tyler refused to restore Plaintiff's job. [*Id.* at 14].

Claim 5 alleges that defendant Clifford McDonald violated Plaintiff's rights because McDonald imposed or authorized multiple cumulative punishments for Plaintiff's conviction. [*Id.* at 15]. Plaintiff told McDonald he had never been charged with violating 106a, and McDonald refused to watch the video which proved Plaintiff "did nothing." [*Id.*].

Claim 6 alleges defendant R. Langford, Grievance Coordinator, violated his rights because she exceeded her authority and gave an opinion about one of Plaintiff's grievances, and violated his due process rights by not complying with grievance procedures. [*Id.* at 10].

### III. Analysis

Claims 1 and 2 are still vague and conclusory because they do not identify with any specificity the alleged false facts upon which the 233a disciplinary charge was based. Prisoners

3

retain rights under, and may claim the protections of, the Due Process Clause in disciplinary proceedings. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Specifically, the due process rights that prisoners possess when a protected liberty interest is at stake are: (1) twenty-four-hour advanced written notice of the charges against him, *Id.* at 563-64; (2) "a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary action;" *id.* at 564-65 (internal quotation marks and citation omitted); (3) an opportunity to call witnesses and present documentary evidence where doing so "will not be unduly hazardous to institutional safety or correctional goals," *id.* at 566; (4) assistance at the hearing if he is illiterate or if the matter is complex; *id.* at 570; and (5) a sufficiently impartial fact finder. *Id.* at 570-71. To satisfy due process, the fact-finder's decision during a prison disciplinary hearing must be supported by "some evidence." *Superintendent, Mass. Corr. Inst. Walpole v. Hill*, 472 U.S. 445, 455 (1985).

As noted in the October 16, 2023 screening Memorandum and Order, the filing of a false disciplinary charge alone does not violate a prisoner's civil rights—it is only where there is a resulting Due Process violation in proceedings on the allegedly false charge that will give rise to a constitutional claim. *See, e.g., Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002) ("due process is satisfied where an inmate is afforded an opportunity to be heard and to defend against the allegedly falsified evidence and groundless misconduct reports. Thus, so long as certain procedural requirements are satisfied, mere allegations of falsified evidence or misconduct reports, without more, are not enough to state a due process claim.") (citing *Freeman v. Rideout*, 808 F.2d 949 (2d Cir. 1986)); *see also Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (filing of false charges, "standing alone, do[es] not state constitutional claim[]"). plaintiff has failed to state a claim against either defendant Avent or Williams and each will be dismissed.

4

Claim 3, alleges that although the 233a charge was vacated, Plaintiff was convicted on May 23, 2022, without having been given written notice of the Offense Code 106a charge; that defendant Richardson falsified documents; and that he was biased. [Dkt. No. 17 at 11-12].[2] Claim 3 may go forward.

In Claim 4, Plaintiff alleges that defendant K.C. Mitchell-Tyler violated his rights because defendant Mitchell-Tyler terminated his prison job and stopped him from participating in programs. As a matter of law, the loss of a prison job does not state a constitutional claim.

> [I]nmates have no independent constitutional right to a prison job, and as such, prison officials may generally terminate an inmate from a particular prison job for any reason without offending federal due process principles. *See, e.g., Altizer v. Paderick*, 569 F.2d 812 (4th Cir. 1978) (work assignments are generally within the discretion of the prison administrator); *Alley v. Angelone*, 962 F. Supp. 827, 834 (E.D. Va. 1997) (prisoner did not have a protected interest in continued employment); *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 50-51 (5th Cir. 1995) (same); *Coakley v. Murphy*, 884 F.2d 1218, 1221 (9th Cir. 1989) (holding that inmates have no protected property interest in continuing in work-release program).

*Robles v. Sturdinvant*, No. 7:14cv70, 2014 WL 4853409, at *1 (W.D. Va. Mar. 27, 2014), *aff'd*, 583 F. App'x 129 (4th Cir. 2014).

Likewise, Plaintiff has no federal right to participate in any prison programs. *Mickle v. Moore (In re Long Term Admin. Segregation of Inmates Designated As Five Percenters)*, 174 F.3d 464, 471 (4th Cir. ) (inmates' complaints that "they may not participate in prison work, school, or study programs . . . are indeed restrictive, but the restrictive nature of high-security incarceration does not alone constitute cruel and unusual punishment" (citing *Sweet v. South Carolina Dep't of Corrections*, 529 F.2d 854, 857 n.1 (4th Cir. 1975) (en banc)); *Altizer v. Paderick*, 569 F.2d 812,

---

[2] Plaintiff alleges that he was charged with a Code 233a violation, which was previously defined in VDOC OP 861.1 XXI as "Making sexual advances, either physical, verbal in nature, or in writing toward a non-offender." Dkt. 13 at 2, n.2. Operating Procedure 861.1 has been revised and does not contain the offense codes. The record, therefore, does not establish what Offense Code 106a prohibits.

5

813 (4th Cir. 1978) (noting that "work assignments of prisoners . . . are matters of prison administration, within the discretion of prison administrators"); *see also Women Prisoners of District of Columbia Dept. of Corr. v. District of Columbia*, 93 F.3d 910, 927 (D.C. Cir. 1996) (inmates does not have a constitutional right to work or education opportunities); *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004) (noting "the Due Process Clause of the Fourteenth Amendment 'does not create a property or liberty interest in prison employment'"); *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988) (finding states have no constitutional obligation to provide basic educational or vocational training programs for prisoners). Defendant Mitchell-Tyler will be dismissed.

In Claim 5, Plaintiff alleges that defendant Clifford McDonald violated Plaintiff's rights because McDonald imposed or authorized multiple punishments for Plaintiff's disciplinary conviction. The amended complaint has removed the phrase "double jeopardy," but the cumulative punishment claim persists and has now taken the form of a claim that McDonald violated the VDOC procedures and his right to equal protection. Dkt. No. 17 at 15-16.

Plaintiff's last claim, Claim 6, alleges defendant Langford violated his rights because she exceeded her authority and gave an opinion about one of Plaintiff's grievances, and that she did not allow his "complaints to go forward to the institutional staff and departments [he] was complaining too or about." Dkt. No. 17 at 18. Even if Langford violated the VDOC procedures in allegedly voicing her opinion, that violation does not constitute a constitutional violation. The Fourth Circuit has held that "inmates have no constitutional entitlement or due process interest in access to a grievance procedure. An inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance process." *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 541 (4th Cir. 2017); *see Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to

grievance procedures or access to any such procedure voluntarily established by a state."). *Doans v. Rice*, No. 87–7244, 1987 WL 38813, at *1 (4th Cir. Oct. 15, 1987) ("Because inmate grievance procedures are not constitutionally required in state prison systems, the failure to follow grievance procedures does not give rise to a § 1983 claim."); *see also Garraghty v. Com. of Va., Dep't of Corr.*, 52 F.3d 1274, 1285 (4th Cir. 1995) ("the mere fact that a state agency violates its own procedures does not *ipso facto* mean that it has contravened federal due process requirements"); *Riccio v. Cty. of Fairfax*, 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that "state-created procedures" do not define the standard for due process). Defendant Langford will be dismissed.

Plaintiff was advised in the October 16, 2023 order of the deficiencies with his allegations against Defendants Avent, Williams, Mitchell-Tyler, and Langford; and he was granted leave to cure his deficiencies. The amended complaint does not cure the deficiencies and simply reasserts essentially the same facts that the Court noted were insufficient in the October 16, 2023 Memorandum Opinion and Order. Accordingly, granting leave to allow further amendment appears futile. Defendants Avent, Williams, Mitchell-Tyler, and Langford (as well as Claims 1, 2, 4, and 6) will therefore be dismissed.

At this stage, Claims 3 and 5, which are interrelated, against Defendants Richards and McDonald will be allowed to proceed. A copy of this order and the amended complaint will be served on the remaining defendants.

Accordingly, it is hereby

**ORDERED** that Defendants Avent, Williams, Mitchell-Tyler, and Langford are **DISMISSED WITHOUT PREJUDICE**; and it is

**FURTHER ORDERED** that Claims 1, 2, 4, and 6 are **DISMISSED WITHOUT PREJUDICE**; and it is

**FURTHER ORDERED** that the Clerk arrange for service of process upon Defendants Richards and McDonald in accordance with the April 30, 2020 Agreement on Acceptance of Service between the Clerk of this Court and the Office of the Attorney General for the Commonwealth of Virginia (the "Service Agreement"), and that the VDOC defendants file an answer or other responsive pleading to the amended complaint in accordance with the attached Waiver of the Service of Summons. It is normal practice in *pro se* prisoner civil actions for defendants to file dispositive motions, if warranted and appropriate, before the start of discovery;[3] and it is

**FURTHER ORDERED** that if the Attorney General's Office declines service for any defendant and if that defendant is not otherwise served within 90 days of this Order, that defendant will be dismissed from this civil action without prejudice, *see* Fed. R. Civ. P. 4(m); and it is

**FURTHER ORDERED** that plaintiff's failure to comply with any part of this Order within thirty (30) days from the entry of this Order, or failure to notify the Court immediately upon being transferred, released, or otherwise relocated, may result in the dismissal of this complaint pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk is directed to send a copy of this Order to Plaintiff; a copy of this Order and the amended complaint [Dkt. No. 17] to the Office of the Attorney General.

Entered this __25__ day of __April__ 2024.

Alexandria, Virginia

_____ /s/
Rossie D. Alston, Jr.
United States District Judge

---

[3] Pursuant to the Service Agreement, if the Attorney General's Office determines that it cannot accept service for a defendant, it must file a Notice of Declination of Service and other related document electronically within 30 days from receipt of the NEF regarding this Order. At the same time, the Attorney General's Office must send a copy only of the Notice of Declination to the plaintiff by mail.

8